# EXHIBIT A

EXHIBIT A

| AOC-105          Doc. Code: CI | | Case No.: **21-CI-02556** |
|---|---|---|
| Rev. 1-07 | | |
| Page 1 of 1 | | Court ☑ Circuit ☐ District |
| Commonwealth of Kentucky | | |
| Court of Justice    www.courts.ky.gov | | County **JEFFERSON** Jefferson CIRCUIT COURT |
| CR 4.02; CR Official Form 1 | **CIVIL SUMMONS** | DIVISION SIX (6) |

**PLAINTIFF**

DARROL NICKLES

VS.

**DEFENDANT**

CIGNA GROUP INS. aka.        LIFE INS. CO. OF  NORTH AMERICA
PO BOX 2922
PHOENIX AZ 85838-9221

**Service of Process Agent for Defendant:**
SECRETARY OF STATE

_____

_____

**THE COMMONWEALTH OF KENTUCKY**
**TO THE ABOVE-NAMED DEFENDANT(S):**

You are hereby notified a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons.  **Unless a written defense is made by you or by an attorney on your behalf** within **20 days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: **MAY - 4 2021**, 2_____          DAVID L. NICHOLSON, CLERK _____Clerk

                                                    By: _____ D.C.

---

**Proof of Service**

This Summons was served by delivering a true copy and the Complaint (or other initiating document) to:

_____

this ____ day of _____, 2_____.

Served by: _____

_____ Title

05/14/2021

NO. **21-CI-02556**

JEFFERSON CIRCUIT COURT
DIVISION _____

JEFFERSON CIRCUIT COURT
DIVISION SIX (6)

DARROL NICKLES ) PLAINTIFF
)
v. )
) **COMPLAINT**
)
)
CIGNA GROUP INSURANCE ) DEFENDANT
aka. LIFE INSURANCE COMPANY OF NORTH )
AMERICA )
PO BOX 29221 )
PHOENIX AZ 85038-9221 )
)
)
SERVE: )
SECRETARY OF STATE )
700 CAPITOL AVE )
SUITE 152 )
STATE CAPITOL )
FRANKFORT KY 40601 )
)

\*\*\*     \*\*\*     \*\*\*

Comes the Plaintiff, DARROL NICKLES, by counsel, and for his cause of action against Defendant states as follows:

A COPY
ATTEST: DAVID L. NICHOLSON, CLERK
JEFFERSON CIRCUIT COURT
LOUISVILLE, KENTUCKY
BY_____D.C.

**PARTIES AND VENUE**

1. Plaintiff is a resident of Louisville, Jefferson County, Kentucky.

2. Defendant, Cigna Group Insurance Company (hereinafter "carrier" or "Defendant" or "Cigna") also sometimes known as "Life Insurance Company of North America" is a corporation doing business in the Commonwealth of Kentucky.

3. This is an action brought by a participant to recover short and long term disability benefits ("STD" and "LTD") due to him under the terms of an insurance plan is a simple contract. The contract is part of an employment benefit, however if, after discovery is tendered it appears employer is a government agency this action is therefor is governed by §502(e) of the Employment Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §1132(e), which is more specifically, a contract for

disability insurance benefits. If not is.l

4. This Court has concurrent jurisdiction with the Federal District Court.

## FACTS

1. Plaintiff was a full-time employee of Honeywell International Inc. ("employer") for a sufficient time period so as to be eligible for coverage under the terms of an insurance contract incident # 11412056-01, policy #YDT-0961074.

2. As a full time employee, Plaintiff was eligible for, and was participating in the ong-term disability plan ( "LTD" and"plan") offered by employer.

3. At all times relevant to this Complaint, the Plan was administered by Cigna and at all relevant times Cigna remained the so called "plan administrator".

4. By virtue of Plaintiff's medical impairments, and according to medical personnel, it is apparent that Plaintiff is permanently and totally disabled.

5. Plaintiff applied for and was granted LTD.

6. For reasons that are medically and contractually mysterious Cigna decided to review the file. The re-review resulted in a denial.

7. Plaintiff has exhausted all administrative remedies required by the plan.

8. Cigna's in house medical review performed by the Defendant's "hired medical reviewer(s)", practitioner(s) of unknown qualifications, erroneously concluded that the Plaintiff was able to perform an occupation. The Defendant Cigna fails to offer a rational basis as to why it does not concur with a diagnosis of disability consistent with Plaintiff's treating physicians who opine Plaintiff cannot return to work due to both a severe psychological condition manifesting itself in, among other things, depression, anxiety and physical disorders that have manifested from the mental nervous condition. Cigna has violated its fiduciary duty to Plaintiff and the ERISA statue. Kalish v. Liberty Mutual, 419 F.3d 501 (6th Cir. 2005).

9. Cigna's in-house reviewing staff erroneously concluded that the Plaintiff was capable of returning to work and to work full time, as he did before the onset of his disability. Cigna refused to consider all of the Plaintiff's medical ailments and combined effect on him to terminate benefits. Said action is in violation of Sixth Circuit jurisprudence.

10. Cigna's refusal to consider Plaintiff's combination of medical impairments, and the effect each has on the other, is error. The Claimant is entitled to have the combination of all impairments considered under the Plan. The Defendant so callously ignored substantive medical proof that it cannot

now enjoy the, so-called, arbitrary and capricious standard of review despite plan language to the contrary, and the medical history should be reviewed *de novo*.

11. Cigna is legally unable to cancel Plaintiff's benefits based on even its own medical and vocational findings.

12. Any physician who has personally treated the Plaintiff has never questioned the permanency and totality of Plaintiff's disability.

13. Defendant Cigna's conclusions that Plaintiff is not totally disabled was arbitrary and capricious, based on faulty data, flies in the face of the longitudinal medical evidence from the treating sources, and was executed in violation of relevant provisions of the plan.

14. At all relevant times Cigna was acting under a conflict of interest as it was the entity which determined if the Plaintiff was disabled and the entity which is responsible for payment of LTD wage replacement benefits.

15. In accordance with the terms of the plan, the Plaintiff did apply for, and wasw granted, Social Security Disability benefits ("SSDI") from the Social Security Administration ("SSA").

16. Although technically not *res judicata*, the Defendant cannot ignore the finding of SSA without adequate explanation in its decision even if such decision falls outside the administrative review. Whitaker v. Hartford Life and Accident Co. 404 F.3d 947 (6th Cir. 2005).

## COUNT 1
## BREACH OF ERISA STATUTE

17. Pursuant to the ERISA statute Plaintiff is entitled to long-term disability benefits under the Plan.

18. Alternatively, Defendant has wrongfully denied Plaintiff LTD benefits and has breached the terms of the Plan under the dictates of the simple contract.

19. Defendant's decision to deny Plaintiffs benefits and their claim handling have been arbitrary and capricious and is not supported by substantial evidence, and is tantamount to a breach of contract, violating Plaintiff's expectations pursuant to the terms of the contract of insurance.

WHEREFORE the Plaintiff prays as follows:

1. For payment of disability benefits due to him, calculated from the date benefits were ceased until the present, with interest to the extent permitted by law;

1. For an Order compelling Defendant to continue all disability benefits from the present forward in time until such time as the terms of Defendant's contract of insurance permits a reinvestigation of Plaintiff's continued medical eligibility under the Plan;

2. For attorney's fees and expenses that Plaintiff has incurred for enforcing his ERISA contractual rights as well as any other rights;

3. For any and all equitable relief Plaintiff is entitled to under common law contract theory, tort, or under ERISA, including Defendants' assistance in remedying any damage their termination of benefits has caused respecting Plaintiff's credit history;

4. For his costs expended herein;

5. For any and all relief to which Plaintiff may be entitled under any legal claim, whether it be pursuant to a contract claim, state based statutory claims, federal ERISA based claims, or other claims that may arise once discovery is complete.

Respectfully submitted,

*/s/ Robert A. Florio*

ROBERT A. FLORIO
1500 Story Ave
Louisville, KY 40206
Co-Counsel for Plaintiff
502-587-0228

NO. 21-CI-02556            JEFFERSON CIRCUIT COURT

DIVISION SIX (6)

| | | |
|---|---|---|
| DARROL NICKLES | ) | PLAINTIFF |
| | ) | |
| v. | ) | |
| | ) **SUBMISSION OF AMENDED COMPLAINT PURSUANT TO CR 15.01** | |
| | ) | |
| | ) | |
| CIGNA GROUP INSURANCE | ) | DEFENDANT |
| aka. LIFE INSURANCE COMPANY OF NORTH AMERICA | ) | |
| PO BOX 29221 | ) | |
| PHOENIX AZ 85038-9221 | ) | |

\*\*\*        \*\*\*        \*\*\*

Comes the Plaintiff, and pursuant to CR 15.01 submits his Amended Compliant.

Kentucky Rules of Civil Procedure (CR) Rule 15.01 states in relevant terms that:

> A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within 20 days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be longer, unless the court otherwise orders.

The Plaintiff avers no responsive pleading has been file and thus enters his Amended

Complaint (see attached).

Respectfully submitted,

_____
ROBERT A. FLORIO
1500 Story Ave
Louisville, KY 40206
Co-Counsel for Plaintiff
502-587-0228

CERTIFCATE

I CERTIFY THE FOLLOWING WAS MAILED, 6-21-21 TO:

David Calhoun Esq.
Wyatt, Tarrant & Combs, LLP
400 West Market Street
Suite 2000
Louisville KY 40202

_____
ROBERT A. FLORIO

NO. 21-CI-02556          FILED IN CLERKS OFFICE JEFFERSON CIRCUIT COURT
JEFFERSON CIRCUIT   DIVISION SIX (6)

JUN 21 PM 2: 15

CLERK 23

DARROL NICKLES                                               PLAINTIFF

v.                                        **AMENDED COMPLAINT**

CIGNA GROUP INSURANCE                           DEFENDANT
aka. LIFE INSURANCE COMPANY OF NORTH
AMERICA
PO BOX 29221
PHOENIX AZ 85038-9221

SERVE BY AGREEMENT:
David Calhoun Esq.
Wyatt, Tarrant & Combs, LLP
400 West Market Street
Suite 2000
Louisville KY 40202

                         \*\*\*                  \*\*\*                \*\*\*

Comes the Plaintiff, DARROL NICKLES, by counsel, and for his cause of action against Defendant states as follows:

**PARTIES AND VENUE**

1. Plaintiff is a resident of Louisville, Jefferson County, Kentucky.

2. Defendant, Cigna Group Insurance Company (hereinafter "carrier" or "Defendant" or "Cigna") also sometimes known as "Life Insurance Company of North America" is a corporation doing business in the Commonwealth of Kentucky.

3. This is an action brought by a participant to recover short term disability benefits ("STD") due to him under the terms of an insurance plan is a simple contract. The contract is part of an employment benefit, however if, after discovery is tendered it appears employer is a government agency this action is therefor is governed by §502(e) of the Employment Retirement Income Security Act of 1974

(ERISA), 29 U.S.C. §1132(e), which is more specifically, a contract for disability insurance benefits. If not is.l

4. This Court has concurrent jurisdiction with the Federal District Court.

## FACTS

1. Plaintiff was a full-time employee of Honeywell International Inc. ("employer") for a sufficient time period so as to be eligible for coverage under the terms of an insurance contract incident # 11412056-01, policy #YDT-0961074.

2. As a full time employee, Plaintiff was eligible for, and was participating in the short-term disability plan ( "STD" and "plan") offered by employer.

3. At all times relevant to this Complaint, the Plan was administered by Cigna and at all relevant times Cigna remained the so called "plan administrator".

4. By virtue of Plaintiff's medical impairments, and according to medical personnel, it is apparent that Plaintiff is permanently and totally disabled.

5. Plaintiff applied for and was granted STD.

6. For reasons that are medically and contractually mysterious Cigna decided to review the file. The re-review resulted in a denial.

7. Plaintiff has exhausted all administrative remedies required by the plan.

8. Cigna's in house medical review performed by the Defendant's "hired medical reviewer(s)", practitioner(s) of unknown qualifications, erroneously concluded that the Plaintiff was able to perform an occupation. The Defendant Cigna fails to offer a rational basis as to why it does not concur with a diagnosis of disability consistent with Plaintiff's treating physicians who opine Plaintiff cannot return to work due to both a severe psychological condition manifesting itself in, among other things, depression, anxiety and physical disorders that have manifested from the mental nervous condition. Cigna has violated its fiduciary duty to Plaintiff and the ERISA statue. Kalish v. Liberty Mutual, 419 F.3d 501 (6th Cir. 2005).

9. Cigna's in-house reviewing staff erroneously concluded that the Plaintiff was capable of returning to work and to work full time, as he did before the onset of his disability. Cigna refused to consider all of the Plaintiff's medical ailments and combined effect on him to terminate benefits. Said action is in violation of Sixth Circuit jurisprudence.

10. Cigna's refusal to consider Plaintiff's combination of medical impairments, and the effect each has on the other, is error. The Claimant is entitled to have the combination of all impairments

considered under the Plan. The Defendant so callously ignored substantive medical proof that it cannot now enjoy the, so-called, arbitrary and capricious standard of review despite plan language to the contrary, and the medical history should be reviewed *de novo*.

11. Cigna is legally unable to cancel Plaintiff's benefits based on even its own medical and vocational findings.

12. Any physician who has personally treated the Plaintiff has never questioned the permanency and totality of Plaintiff's disability.

13. Defendant Cigna's conclusions that Plaintiff is not totally disabled was arbitrary and capricious, based on faulty data, flies in the face of the longitudinal medical evidence from the treating sources, and was executed in violation of relevant provisions of the plan.

14. At all relevant times Cigna was acting under a conflict of interest as it was the entity which determined if the Plaintiff was disabled and the entity which is responsible for payment of STD wage replacement benefits.

15. In accordance with the terms of the plan, the Plaintiff did apply for, and wasw granted, Social Security Disability benefits ("SSDI") from the Social Security Administration ("SSA").

16. Defendant cannot ignore the finding of SSA without adequate explanation in its decision even if such decision falls outside the administrative review. Whitaker v. Hartford Life and Accident Co. 404 F.3d 947 (6th Cir. 2005).

## COUNT 1
## BREACH OF ERISA STATUTE

17. Pursuant to the ERISA statute Plaintiff is entitled to long-term disability benefits under the Plan.

18. Alternatively, Defendant has wrongfully denied Plaintiff STD benefits and has breached the terms of the Plan under the dictates of the simple contract.

19. Defendant's decision to deny Plaintiffs benefits and their claim handling have been arbitrary and capricious and is not supported by substantial evidence, and is tantamount to a breach of contract, violating Plaintiff's expectations pursuant to the terms of the contract of insurance.

WHEREFORE the Plaintiff prays as follows:

1. For payment of disability benefits due to him, calculated from the date benefits were ceased

until the present, with interest to the extent permitted by law;

1. For an Order compelling Defendant to continue all disability benefits from the present forward in time until such time as the terms of Defendant's contract of insurance permits a reinvestigation of Plaintiff's continued medical eligibility under the Plan;

2. For attorney's fees and expenses that Plaintiff has incurred for enforcing his ERISA contractual rights as well as any other rights;

3. For any and all equitable relief Plaintiff is entitled to under common law contract theory, tort, or under ERISA, including Defendants' assistance in remedying any damage their termination of benefits has caused respecting Plaintiff's credit history;

4. For his costs expended herein;

5. For any and all relief to which Plaintiff may be entitled under any legal claim, whether it be pursuant to a contract claim, state based statutory claims, federal ERISA based claims, or other claims that may arise once discovery is complete.

Respectfully submitted,

_____
ROBERT A. FLORIO
1500 Story Ave
Louisville, KY 40206
Co-Counsel for Plaintiff
502-587-0228